UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RENEE PLESHETTE SIMMMONS-LEWIS,
*pro se*,

    Plaintiff,

v.                                                       CASE NO:  5:14-cv-443-Oc-30PRL

CITY OF CRYSTAL RIVER,

    Defendant.
_____/

# ORDER

THIS CAUSE comes before the Court upon Plaintiff's Complaint (Dkt. #1) and Motion for Injunction to Stop the Sale of Real Property (Dkt. #3). Upon review and consideration, the Court determines that the motion must be denied and the complaint must be dismissed for lack of subject matter jurisdiction.

Plaintiff's Complaint, although not a model of clarity, appears to seek relief from this Court from certain actions taken against her or her property by Defendant the City of Crystal River. The facts state, in a stream-of-consciousness fashion, that the City demolished houses illegally. The Complaint also references an agreement between Plaintiff and the City that was made "under duress." The basis for this Court's jurisdiction over Plaintiff's disputes with the City is entirely unclear. The majority of these disputes appear to be founded on the upcoming sale of Plaintiff's house. Plaintiff's Motion for Injunction to Stop the Sale of Real

Property simply states: "I am asking the Judge to stop sale of property listed in my name Renee P-Simmons-Lewis failure to pay taxes is a result of actions filed in said case." (Dkt. 3).

It is clear that diversity jurisdiction does not apply in this case. And Plaintiff does not reference an actionable claim under federal law. Thus, the Complaint must be dismissed for lack of jurisdiction. Moreover, the injunctive relief Plaintiff seeks is barred by the federal Anti-Injunction Act. Injunctive relief claims in federal court against state court proceedings, including preliminary injunctions and temporary restraining orders, are barred by the federal Anti-Injunction Act unless they fall within one of three exceptions: (1) the injunction is expressly authorized by an Act of Congress; (2) the injunction is "necessary in aid of [the court's] jurisdiction"; or (3) the injunction is necessary "to protect or effectuate [the court's] judgments." *See* 28 U.S.C. § 2283. This is an "absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." *Atlantic Coast Line R. Co. v. Bhd. of Locomotive Engineers,* 398 U.S. 281, 286 (1970). The Eleventh Circuit has interpreted the Act as "an absolute prohibition against federal court enjoinment of state court proceedings, unless the injunction falls within one of the specifically defined exceptions." *In re Bayshore Ford Trucks Sales, Inc.,* 471 F.3d 1233, 1249-50 (11th Cir. 2006) (quoting *Nat'l R.R. Passenger Corp. v. Florida,* 929 F.2d 1532, 1535 (11th Cir.1991)).

In *Bayshore*, the Eleventh Circuit further noted that the exceptions in the statute are to be "strictly interpreted" and that "proceedings in state court should normally be allowed to continue unimpaired by intervention of the lower federal court, with relief from error, if any, through the state appellate courts and ultimately the United States Supreme Court." *Id.* at 1250 (internal quotation omitted).

The Court concludes that none of the three exceptions applies here. Therefore, the Court cannot enjoin the sale of Plaintiff's property.

Even if the federal Anti-Injunction Act did not apply, injunctive relief would be inappropriate under the circumstances because the motion does not meet the federal standard for a preliminary injunction. Plaintiff must clearly show: (1) substantial likelihood of success on the merits; (2) substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury to plaintiff outweighs the harm an injunction may cause defendant; and (4) that granting the injunction would not disserve the public interest. *See Church v. City of Huntsville,* 30 F.3d 1332, 1342 (11th Cir. 1994). Plaintiff's motion falls woefully short of establishing these elements.

It is therefore ORDERED AND ADJUDGED that:

1.  Plaintiff's Motion for Injunction to Stop the Sale of Real Property (Dkt. #3) is denied.

2.  This case is dismissed without prejudice for lack of subject matter jurisdiction.

3.  Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. #2) and Motion to Appoint Counsel (Dkt. #4) are denied as moot.

4.The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on August 7, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

*S:\OCALA\14-cv-443 OCALA dismissal.wpd*